C2439636
Nacogdoches County - District Clerk

Filed 7/19/2024 5:30 PM
Loretta Cammack
District Clerk
Nacogdoches County, TX

JESSICA OLIVAREZ

CAUSE NO. C2439636

| | | |
|---|---|---|
| JESSICA TREVINO | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | NACOGDOCHES COUNTY, TEXAS |
| | § | |
| KROGER TEXAS L.P., ET AL. | § | 145th JUDICIAL DISTRICT |

# PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jessica Trevino ("Plaintiff"), complaining of Kroger Texas L.P. and The Kroger Co. (collectively "Defendants"), and for cause of action would show unto this honorable Court as follows:

## I.

### DISCOVERY CONTROL PLAN

1.1   Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff designates this matter as a Level 2 case for discovery purposes.

## II.

### PARTIES

2.1   Plaintiff is an individual who resides in Nacogdoches County, Texas.

2.2   Defendant, Kroger Texas L.P., is a foreign limited partnership, and may be served with process by serving its registered agent: Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701-3218.

2.3   Defendant, The Kroger Co., is a foreign corporation, and may be served with process by serving its registered agent: Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701-3218.

2.4     Pursuant to Rule 28 of Texas Rules of Civil Procedure, Plaintiff moves that any partnership, unincorporated association, private corporation or individual doing business under an assumed name substitute a true name.

### III.

### VENUE

3.1     Venue is proper in Nacogdoches County Texas, pursuant to § 15.002 of the Texas Civil Practice and Remedies Code in that Plaintiff's cause of action accrued in Nacogdoches County, Texas.

### IV.

### FACTS

4.1     On or about October 4, 2022, Plaintiff was an invitee at the Kroger store in Nacogdoches, Texas. At that time, Plaintiff was injured when she slipped and fell on a liquid substance on the floor. No signage or other safety precautions were present to warn Plaintiff of the unsafe condition of the premises. As a result, Plaintiff suffered personal injuries.

### V.

### CAUSE OF ACTION

5.1     Plaintiff incorporates herein by reference Paragraph 4.1 all purposes as if set forth verbatim.

5.2     This cause of action is brought under and by virtue of the laws of the State of Texas to recover those damages which Plaintiff is justly entitled to receive as compensation for reasonable medical expenses, pain and suffering, mental anguish and lost wages which Plaintiff has suffered, and in reasonable probability, will continue to suffer in the future.

5.3     Plaintiff would show that she was an invitee on the premises owned and/or under the custody and/or control of Defendants at the time of, and at all times relevant to, this cause of action. Specifically, Plaintiff would show invitee status in that she was a business patron. Plaintiff entered the premises with Defendants' knowledge and for their mutual benefit. Defendants thus owed Plaintiff the duty to inspect the premises and maintain the premises in a reasonably safe condition.

5.4     Plaintiff would further show that Defendants owned, occupied, and/or controlled the premises at the time of, and at all times relevant to, this cause of action.

5.5     Plaintiff would further show that the condition of the premises posed an unreasonable risk of harm.

5.6     Plaintiff would further show that Defendants knew or reasonably should have known of the condition of the premises because:

   a.   Defendants, or their agents, servants, or employees actually caused the condition in controversy;

   b.   Defendants were on notice of the dangerous condition; and/or

   c.   The dangerous condition existed for an extended period of time.

5.7     Defendants breached their duty of care by both failing to make the condition on the premises reasonably safe and failing to adequately warn Plaintiff and others of the condition.

5.8     Defendants' failure to use reasonable care with regard to its premises was the proximate cause of Plaintiff's damages as described more fully below.

5.9     Defendants' breach was the proximate cause of Plaintiff's damages as described more fully below.

## *VI.*

## DAMAGES

6.1     At the time of trial of this cause, Plaintiff shall ask this Court to submit the following elements of damage for its consideration of what sum of money, if paid now in cash, would fairly and reasonably compensate her for her damages. These injuries and damages, which are a direct, proximate and producing result of Defendants' conduct, are as follows:

    a.     Medical expenses incurred by Plaintiff in the past and in the future as a result of the Plaintiff's injuries which, in all reasonable medical probability, are reasonable in amount and necessary for the treatment of the Plaintiff's injuries;

    b.     Physical pain and suffering experienced by Plaintiff in the past and future which directly flowed from or is inferred to or presumed to flow from the incident and her injuries;

    c.     The emotional pain torment and suffering (mental anguish) that Plaintiff has experienced in the past and that Plaintiff will, in reasonable probability, experience in the future; and

    d.     Lost wages.

6.2     Plaintiff affirmatively pleads that she seeks monetary relief within the jurisdictional limits of this Court.

6.3     Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recover from Defendants a sum in excess of the minimum jurisdictional limits of the Court, costs of court, pre-judgment and

post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**ADLEY LAW FIRM LTD, LLP**

*/s/ Gil Garza*
_____
KEVIN ADLEY
SBN 00790207
GILBERT GARZA
SBN 24032221
1421 Preston St.
Houston, Texas 77002
Telephone: (713) 977-9000
Telecopier: (713) 977-9050
E-mail: ggarza@adleylaw.com

**ATTORNEYS FOR PLAINTIFF**
