CAUSE NO. C2439636

| | | |
|---|---|---|
| JESSICA TREVINO, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 145th JUDICIAL DISTRICT |
| | § | |
| KROGER TEXAS L.P., ET AL. | § | NACOGDOCHES COUNTY, TEXAS |
| Defendant. | § | |

## DEFENDANTS' ORIGINAL ANSWER AND VERIFIED DENIAL

COMES NOW The Kroger Co. and Kroger Texas, L.P. (hereinafter referred to as "Defendants") and files this, their Original Answer to Plaintiff's Original Petition and, in support thereof, respectfully states as follows:

### I.
### VERIFIED DENIAL

By way of verified denial pursuant to Rule 93 of the Texas Rules of Civil Procedure, Defendants deny that Plaintiff is entitled to recover from "The Kroger Co." in the capacity in which they have been sued. Defendants deny that "The Kroger Co." owned or operated the store at issue on the date of this incident. Consequently, Plaintiff has no right or potential right of recovery against "The Kroger Co." because the proper party has not been sued. *See, e.g., Bailey v. Vanscot Concrete Co.,* 894 S.W.2d 757, 759 (Tex. 1995).

### II.
### GENERAL DENIAL

Defendants deny each and every material allegation contained in Plaintiff's Original Petition, and all amendments and supplements thereto, demand strict proof thereof, and to the extent that such matters are questions of fact, say Plaintiff should prove such facts by a preponderance of the evidence to a jury if he can so do.

# III.
# DEFENSES

1. Defendants specifically deny Plaintiff's claims that it was negligent and denies that its alleged acts or omissions proximately caused Plaintiff's alleged damages.

2. Defendants had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged hazard was not "unreasonably dangerous."

3. Plaintiff failed to use that degree of care and caution that would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause Plaintiff's injuries and damages, if any. Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate cause of Plaintiff's damages or injuries, if any.

4. Plaintiff's damages or injuries, if any, were likely caused by the acts of third persons not under the control of Defendants. Such acts or omissions of said third persons were the sole and/or a producing and/or a proximate and/or an intervening and/or a supervening cause of Plaintiff's damages or injuries, if any.

5. Defendants owed no duty to warn or protect Plaintiff against the alleged hazard because it likely was already known to Plaintiff, was open and obvious, was not concealed, and/or was a commonly known hazard. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

6. In the alternative, the accident complained of was an "unavoidable accident," as that term is defined under Texas law, not proximately caused by the negligence of any party.

7. The damages about which Plaintiff complains, if any, may have been the result of prior or pre-existing or subsequent injuries, accidents and/or conditions, and such prior or pre-

existing or subsequent injuries, accidents and/or conditions were the sole and/or a contributing cause of Plaintiff's claimed injuries and damages, if any.

8. Plaintiff may have breached Plaintiff's duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

9. Plaintiff may be malingering and/or exaggerating the nature and severity of the alleged injuries to inflate Plaintiff's alleged damages. Further, to the extent Plaintiff has been or is malingering and/or exaggerating the nature and severity of the alleged injuries in order to continue treatment and thereby increase medical damages, Defendants contends said extended treatment is not medically necessary or reasonable.

10. Defendants respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

11. In the unlikely event an adverse judgment is rendered against Defendants in this matter, Defendants respectfully pray for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

12. Any claims for medical or health care expenses incurred are limited to the usual and customary charges actually by or on behalf of Plaintiff for reasonable and necessary treatment, and, to the extent they relate to past medical charges, are limited to amounts actually paid or incurred pursuant to Texas Civil Practice and Remedies Code §41.0105.

## IV.
## COURT REPORTER

Defendants respectfully demand a court reporter be present at all proceedings before the Court.

## V.
## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues herein and tenders the appropriate jury fee with this Original Answer.

## VI.
## PRAYER

Defendants respectfully pray that Plaintiff take nothing by this cause of action, and that Defendants be permitted to recover the costs expended on their behalf. Defendants also pray for all other and further relief, both general and special, at law and in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

*/s/ B. Kyle Briscoe*

B. Kyle Briscoe
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Alan Rosenberg
State Bar No. 24037391
arosenberg@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on August 14, 2024.

*/s/ Alan Rosenberg*
**Alan Rosenberg**